Peter H. Barlow, #7808
Andrew D. Day, #13683
**STRONG & HANNI**
102 South 200 East, Suite 800
Salt Lake City, Utah 84111
Telephone:  (801) 532-7080
Facsimile:   (801) 596-1508
pbarlow@strongandhanni.com
aday@strongandhanni.com
*Attorneys for Auto-Owners Insurance Company*

---

## IN THE UNITED STATES DISTRICT COURT,

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **LAINA A. NORMAN,**  Plaintiff,  v.  **AUTO-OWNERS INSURANCE COMPANY,**  Defendant. | **PETITION FOR REMOVAL**  **Case No**.: _____  **Judge**: _____ |

Defendant Auto-Owners Insurance Company ("Auto Owners"), by and through counsel of record, hereby submits this Petition for Removal of the above-entitled action from the Fourth Judicial District Court of Utah County, State of Utah, to the United States District Court for the District of Utah, Central Division.  By this petition, Defendant give notices of the removal of this action to Plaintiff Laina A. Norman ("Norman").  This notice of, and petition for, removal is

1

made pursuant to 28 U.S.C. §§ 1441 et seq. and is proper and appropriate based upon the following:

1. On July 17, 2015, Auto Owners was served with a summons and complaint in an action captioned LAINA A. NORMAN, v. AUTO-OWNERS INSURANCE COMPANY, Fourth Judicial District Court of Utah County, Civil No. 150100147. A copy of the Complaint is attached hereto as Exhibit A.

2. Under 28 U.S.C. § 1446(b), this Petition and Notice of Removal must be filed within thirty (30) days of the receipt of service of the Summons and Complaint by Auto Owners. As this petition and notice is being filed within that thirty (30) day period, this removal is timely.

3. Concurrent with the filing of this Petition, Auto Owners is serving Notice of Removal on Plaintiff's counsel and filing a copy of the Notice with the Clerk of the Fourth Judicial District Court for Utah County, Utah. Venue is proper in this Court pursuant to 28 U.S.C. §§ 125(1) and 1441(a), because the United States District Court for the District of Utah, Central Division, is the federal court embracing the Fourth Judicial District Court for Utah County, Utah, where this action was originally filed.

4. By filing a Petition and Notice of Removal in this matter, Auto Owners does not waive its right to object to service of process, the sufficiency of process, jurisdiction over the person, venue, or its right to require arbitration pursuant to the contract between Auto Owners and Plaintiff, and Auto Owners specifically reserves the right to assert any defenses and/or objections to which it may be entitled.

5. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332. Diversity jurisdiction exists where (1) the suit is between citizens of different states; and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs. *Australian Gold. Inc. v. Hatfield*, 436 F.3d 1228, 1234-35 (10th Cir. 2006).

6. Complete diversity exists among the parties in this action. Plaintiff Norman is a Utah resident. Defendant Auto-Owners is a Michigan corporation with its principle place of business in Michigan. Accordingly, complete diversity exists in this action.

7. The amount in controversy requirement of 28 U.S.C. § 1332 is also satisfied. Under 28 U.S.C. § 1332(a), the amount in controversy in a case where federal jurisdiction is based on diversity of citizenship must exceed $75,000, exclusive of interest and costs. Plaintiff has alleged in her Complaint that the amount in controversy exceeds $300,000. The "amount in controversy" is "an estimate of the amount that will be put at issue in the course of the litigation." *McPhail v. Deere & Co.,* 529 F.3d 947, 956 (10th Cir. 2008). When a plaintiff provides little information regarding the value of his claims, "the defendant may rely on in estimate of potential damages from the allegations in the complaint." *Id.* at 955 (*citing Meridian Security Ins. Co. v. Sadowski,* 441 F.3d 536, 540-43 (7th Cir. 2006). "A complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal." *Id.*

8. Here, the allegations in Plaintiff's Complaint clearly demonstrate that Plaintiff seeks damages in excess of $75,000.

9. Because both of the requirements for federal diversity jurisdiction are satisfied, this case is removable by Auto Owners.

DATED this 22nd day of July, 2015.

                                          STRONG AND HANNI

                                        */s/ Peter H. Barlow*

                                        Peter H. Barlow
                                        Andrew D. Day
                                        A*ttorneys for Auto-Owners Insurance Company*

5

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of July, 2015, a true and correct copy of the foregoing pleading was served by the method indicated below, to the following:

| | | |
|---|---|---|
| Matthew P. Jube | ( ) | U.S. Mail, Postage Prepaid |
| YOUNG, KESTER, BLACK & JUBE | ( ) | Hand Delivered |
| 75 South 300 West | ( ) | Overnight Mail |
| Provo, UT 84601 | ( ) | Facsimile |
| mpjlaw@gmail.com | (X) | CM/ECF filing |
| *Attorneys for Plaintiff* | ( ) | Email |

*/s/ Marsha Mann* _____

# Exhibit A

MATTHEW P. JUBE (6414)
YOUNG, KESTER, BLACK & JUBE
75 South 300 West
Provo, UT 84601
Telephone: (801) 379-0700
Facsimile: (801) 379-0701
mpjlaw@gmail.com

*Attorneys for Plaintiff*

IN THE FOURTH JUDICIAL DISTRICT COURT OF UTAH COUNTY
STATE OF UTAH

| | |
|---|---|
| LAINA A. NORMAN, an individual,<br>Plaintiff,<br>v.<br><br>AUTO-OWNERS INSURANCE COMPANY,<br><br>Defendant. | **COMPLAINT AND JURY DEMAND**<br><br>**Tier 3**<br><br>Civil No. 150100147<br>Judge: Christine Johnson |

COMES NOW Plaintiff, LAINA NORMAN ("Ms. Norman"), by and through counsel, Matthew P. Jube, of Young, Kester, Black & Jube, and for cause of action against the Defendant, AUTO OWNERS INSURANCE COMPANY ("Auto Owners"), alleges as follows:

### NATURE OF ACTION

1. This is a civil action for damages arising out of Auto Owners' failure to fulfill its obligations to Ms. Norman under an insurance contract. The obligation under the insurance contract arises out of injuries sustained by Ms. Norman in a car collision where the driver of a second vehicle operated that vehicle in a manner which caused a collision involving the vehicle in which Ms. Norman was traveling.

## PARITES

2. At all times relevant to this matter, Ms. Norman was a resident of Utah County, Utah.

3. At all relevant times, Auto Owners was an insurance company licensed to do business in the state of Utah.

## JURISDICTION AND VENUE

4. The actions and omissions which give rise to this action occurred in Utah County, Utah. Jurisdiction is proper under U.C.A. § 78A-5-102.

5. The amount claimed in this matter is in excess of $300,000 (Tier 3).

6. Venue is proper under U.C.A. § 78B-3-307.

## GENERAL ALLEGATIONS

7. On or about August 26, 2010, Bethany Baker ("Ms. Baker"), was traveling east in a motor vehicle on Maple Street, in Mapleton, Utah. According to accident reports, Ms. Baker flicked the ashes from her cigarette outside her window as she attempted to make a left turn in front of Ms. Norman, who was driving west on Maple Street.

8. When Ms. Baker's cigarette fell on her, she veered into Ms. Norman's lane, where they collided nearly head on. The force of the collision was significant enough to deploy an airbag.

9. As a result of this collision, Ms. Norman suffered serious injuries and continues to suffer from injuries caused by the crash.

## FIRST CAUSE OF ACTION. BREACH OF CONTRACT

10.     Paragraphs 1 through 9 above are realleged and incorporated herein by reference.

11.     At the time of the August 26, 2010 crash, Ms. Baker's auto insurance liability coverage was not sufficient to pay for all of Ms. Norman's damages caused by injuries arising out of the crash.

12.     At the time of the August 26, 2010 crash and all other relevant times, Ms. Norman was covered by an Auto Owners' underinsured motorist policy.

13.     Pursuant to the underinsured motorist's policy, Auto Owners is obligated to provide Ms. Norman coverage for bodily injury and resulting damages caused by the August 26, 2010 crash and which Ms. Norman was entitled to recover from Ms. Baker but which Mr. Baker's coverage was not sufficient to pay.

14.     Ms. Norman is entitled to recover from Auto Owners economic and non-economic damages for her injuries which are attributable to Ms. Baker as an underinsured driver. Those damages and injuries are set forth below in paragraphs 18 to 31.

15.     Ms. Norman has made demands upon Auto Owners for coverage for her various injuries and damages pursuant to the underinsurance policy.

16.     Despite these demands, Auto Owners has failed to provide coverage for all of Ms. Norman's injuries and damages that are a result of the August 26, 2010 crash.

17.     Auto Owners' actions in these regards constitute a breach of the insurance contract.

## PLAINTIFF'S INJURIES AND DAMAGES

18.     Ms. Norman incorporates and realleges paragraphs 1 through 17 by reference.

3

19. Ms. Norman was placed in a collar at the scene of the accident and transported to Utah Valley Regional Medical Center ("UVRMC"), with headache, nausea, dizziness, neck and back pain.

20. Ms. Norman was assessed as having the following injuries: (1) a closed head injury and left front subarachnoid hemorrhage; (2) neck pain; and (3) thoracic spine pain.

21. The medical treatment rendered and prescribed by those at UVRMC for these injuries was reasonable and necessary.

22. Thereafter, Ms. Norman pursued massage therapy through Kris Pruit, and Chiropractic care through Lowry Harris. Despite these treatments, also reasonable and necessary, she continued to experience significant pain. In addition, these treatments were requiring her to take time off work and were costing her money.

23. Throughout the remainder of 2011, Ms. Norman's pain escalated and her ability to perform daily functions deteriorated.

24. In January 2012, Ms. Norman was evaluated by Dr. Howard Reichman at Utah Neurological Clinic and was informed that the car crash of August 26, 2010 likely caused the worsening of her symptoms.

25. After a series of medications, injections and radio frequency treatments, she was barely able to function and was told that she needed fusion surgery. These treatments were reasonable and necessary.

26. Ultimately, Ms. Norman underwent cervical fusion surgery at C5-6 and C6-7, on November 12, 2012.

4

Case 2:15-cv-00521-PMW Document 2 Filed 07/22/15 Page 11 of 12

27.     Not only was this cervical fusion reasonable and necessary, Ms. Norman also underwent injections to her lower spine, which were also reasonable and necessary.

28.     Laura has also experienced various symptoms related to minor traumatic brain injury, including but not limited to cognitive issues.

29.     The above-described injuries and other injuries suffered during the crash as the result of her closed head injury and subarachnoid hemorrhage, as well as the significant change of life style and disability that has followed them, have caused Ms. Norman to suffer significant economic and non-economic damages.

30.     The August 26, 2010 crash outlined above is the cause of the above-described economic and non-economic damages suffered by Ms. Norman. The value of these economic and non-economic damages will be proven more specifically at trial.

31.     Pursuant to the underinsurance contract provisions, Auto Owners is liable for these damages to the extent that Ms. Baker's liability coverage was not enough to pay for the damages.

## JURY DEMAND

32.     Ms. Norman hereby demands a trial by jury.

WHEREFORE, Ms. Norman prays for judgment against Auto Owners as follows:

A. For judgment against Auto Owners in an amount to be determined at trial for Ms. Norman's contract damages, including economic and non-economic damages;

B. For pre-judgment and post-judgment interest;

C. For Ms. Norman's fees and costs incurred in bringing this action; and

5

D. For such other and further relief as the Court deems just and appropriate in the circumstances.

DATED this 25th day of June, 2015.

                YOUNG, KESTER, BLACK & JUBE

                */s/ Matthew P. Jube*
                MATTHEW P. JUBE
                *Attorneys for Plaintiff*